IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

RICKY G. JOURNEY,

          Plaintiff,

    vs.

NORFOLK REGIONAL CENTER,
LRC, HHS, NEBRASKA MENTAL
HEALTH, TOM BARR, LANE, Dr.;
STEPHEN ONEIL, JULIE REDWING,
DR. SHANNON BEAVERS-BLACK,
Dr.; ROY, Dr.; DONOVANE, Doctor;
and LAINE, Dr.;

          Defendants.

**8:19CV434**

**MEMORANDUM AND ORDER**

Plaintiff Ricky G. Journey ("Journey") filed his Complaint on October 4, 2019. (Filing 1.) He has been given leave to proceed in forma pauperis. (Filing 6.) The court now conducts an initial review of Journey's Complaint to determine whether summary dismissal is appropriate under 28 U.S.C. § 1915(e)(2). In conducting this initial review, the court will also consider Journey's various motions to add parties and to amend the Complaint. (Filings 7, 8, 10, 13, 15, & 16.)

## I. SUMMARY OF COMPLAINT

Journey is a patient at the Norfolk Regional Center ("NRC") in Norfolk, Nebraska, having been civilly committed as a dangerous sex offender. Journey purports to bring this action on behalf of himself and other patients at NRC, including Todd Stier and Dale Grant, against NRC, the Lincoln Regional Center ("LRC"), the Nebraska Department of Health and Human Services ("NDHHS"), and various NRC and LRC employees. Journey's Complaint and supplemental filings are prolix and difficult to decipher. As best the court can tell, Journey

complains about a lack of transitional programming at NRC and qualified staff to administer such programming such that NRC patients are arbitrarily forced to repeat their sex offender treatment at LRC instead of being released into the community from NRC. Journey alleges violations of due process, equal protection, as well as the First and Eighth Amendment because only "mentally unstable" patients on 2 West are transitioned to residential living and not sex offender patients on 3 West or 3 East. (Filing 15 at CM/ECF p. 2.)

Journey asks to be released from NRC and "for damages individually in each person[']s single capacity for the amount of $100,000.00 dollars" plus special damages in the amount of $1,900,000.00 for nonpecuniary damages and "double" damages "in the amount of $150,000 dollars each individually." (Filing 13 at CM/ECF pp. 6–7; Filing 15 at CM/ECF pp. 6–7).

## II. APPLICABLE LEGAL STANDARDS ON INITIAL REVIEW

The court is required to review in forma pauperis complaints to determine whether summary dismissal is appropriate. *See* 28 U.S.C. § 1915(e). The court must dismiss a complaint or any portion of it that states a frivolous or malicious claim, that fails to state a claim upon which relief may be granted, or that seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).

Pro se plaintiffs must set forth enough factual allegations to "nudge[] their claims across the line from conceivable to plausible," or "their complaint must be dismissed." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 569–70 (2007); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.").

"The essential function of a complaint under the Federal Rules of Civil Procedure is to give the opposing party 'fair notice of the nature and basis or

grounds for a claim, and a general indication of the type of litigation involved.'" *Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (quoting *Hopkins v. Saunders*, 199 F.3d 968, 973 (8th Cir. 1999)). However, "[a] pro se complaint must be liberally construed, and pro se litigants are held to a lesser pleading standard than other parties." *Topchian*, 760 F.3d at 849 (internal quotation marks and citations omitted).

## III. DISCUSSION

### A. Proposed Additional Plaintiffs

Journey purports to bring this action on behalf of himself and other NRC patients, but only Journey signed the Complaint. (Filing 1.) Subsequently, Journey filed a motion to add two additional plaintiffs, Todd Stier and Dale Grant, and submitted signed statements from Stier and Grant as "witnesses" in support of the Complaint. (Filing 8; Filing 10.) Grant subsequently filed a motion to proceed in forma pauperis (filing 12) in this action and signed one of the motions to file an amended complaint (filing 13).

To the extent Journey seeks to litigate claims on behalf of other NRC patients, he may not do so. A litigant may bring his own claims to federal court without counsel, but not the claims of others. *See* 28 U.S.C. § 1654. Moreover, Federal Rule of Civil Procedure 11(a) requires that all pro se parties to a case sign every pleading, written motion, and other paper that they submit to the court. Rule 11(a) helps to ensure that pro se parties consent to the filing of documents on their behalf. *See United States v. Brenton*, No. 8:04CR262, 2007 WL 3124539, at *1-2 (D. Neb. Oct. 23, 2007) (discussing *Johnson v. O'Donnell*, No. 01-C-0257-C, 2001 WL 34372892 (W.D. Wis. Aug 24, 2001)). It is improper for a non-lawyer to sign papers in place of, or to otherwise represent, parties other than themselves. *See id.* at *1 (citing 5A C. Wright & A. Miller, Federal Practice and Procedure § 1333, at 513 & n.15 (2004)).

Accordingly, the court will not consider Stier or Grant as plaintiffs in this action as they have not signed the Complaint and all relevant pleadings. Journey's motion to add plaintiffs (filing 8) and Grant's motion to proceed in forma pauperis (filing 12) will, therefore, be denied without prejudice to reassertion. If Grant, Stier, or any other NRC patient truly wishes to join in this action as a plaintiff, he must sign any proposed amended complaint, which this court will require Journey to file as explained below, and file a motion to proceed in forma pauperis.

Journey and all potential plaintiffs must note that any proposed amended complaint or other document filed on behalf of multiple plaintiffs must be signed by each of the plaintiffs. If multiple plaintiffs appear without counsel in this action, each plaintiff must sign documents for himself.  *See* Fed. R. Civ. P. 11.  A non-attorney cannot file or sign papers for another litigant.

## B. Journey Must Amend His Complaint

The court has carefully reviewed Journey's Complaint (filing 1) and motions to amend or supplement the Complaint (filings 7, 8, 10, 13, 15, & 16), keeping in mind that complaints filed by pro se litigants are held to less stringent standards than those applied to formal pleadings drafted by lawyers. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972). However, as set forth above, even pro se litigants must comply with the Federal Rules of Civil Procedure. Federal Rule of Civil Procedure 8 requires that every complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation . . . be simple, concise, and direct." Fed. R. Civ. P. 8(a)(2), (d)(1). A complaint must state enough to "'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Erickson v. Pardus*, 551 U.S. 89, 93 (2007) (quoting *Twombly*, 550 U.S. at 555). Here, Journey's Complaint fails to meet this minimal pleading standard. Instead, Journey's pleadings are difficult to understand, are replete with vague, conclusory allegations, and fail to explain clearly what each Defendant has done to harm Journey.

4

On the court's own motion, Journey shall have 30 days from the date of this Memorandum and Order to file an amended complaint that sufficiently describes his claims against Defendants. To be clear, Journey must include all of the claims he wishes to pursue against all of the Defendants he wishes to proceed against in the amended complaint. *Journey should be mindful to clearly explain what Defendants did to him, when Defendants did it, how Defendants' actions harmed him, and what specific legal rights Journey believes Defendants violated.* Journey is warned that an amended complaint will supersede, not supplement, his Complaint. Journey is encouraged to use the court-approved form to draft his amended complaint, which the clerk of the court will provide to him. Journey must clearly designate on the face of the document that it is the "Amended Complaint" in this case.

If Journey fails to file an amended complaint in accordance with this Memorandum and Order, his claims against Defendants will be dismissed without prejudice and without further notice. The court reserves the right to conduct further review of Journey's claims pursuant to 28 U.S.C. § 1915(e)(2) after he addresses the matters set forth in this Memorandum and Order.

## C. Claims for Release are *Heck*-Barred

In filing an amended complaint, Journey is advised that he may not seek release from the NRC in this § 1983 action. Journey may only challenge the fact or duration of his confinement through a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. As the United States Supreme Court has explained,

> Federal law opens two main avenues to relief on complaints related to imprisonment: a petition for habeas corpus, 28 U.S.C. § 2254, and a complaint under the Civil Rights Act of 1871, Rev. Stat. § 1979, as amended, 42 U.S.C. § 1983. Challenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus, *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973);

5

requests for relief turning on circumstances of confinement may be presented in a § 1983 action.

*Muhammad v. Close*, 540 U.S. 749, 750 (2004). A § 1983 action challenging the validity of one's confinement cannot be maintained until "the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus." *Heck v. Humphrey*, 512 U.S. 477, 486–87 (1994).

While *Heck* and *Preiser* involved criminal convictions, the Court's reasoning in those cases applies equally to civil commitments. *See Anderson v. State of Nebraska, et al.*, No. 8:19CV88 (D. Neb. April 4, 2019) (Filing 7, dismissing complaint challenging validity of plaintiff's commitment to the NRC as *Heck*-barred and citing cases); *see also Carter v. Bickhaus*, 142 Fed.App'x 937, 938 (8th Cir. 2005) (unpublished) (affirming dismissal of civilly committed detainee's claims for damages and injunctive relief as *Heck*-barred, and holding he could not seek release as method of relief under §1983, but instead had to seek release in habeas corpus petition after he exhausted his state remedies). Thus, to the extent that Journey actually seeks federal habeas corpus relief, i.e. release from his civil commitment, he must first exhaust his state court remedies and file a habeas corpus petition. *See* 28 U.S.C. § 2241(d)(1); 28 U.S.C. § 2254(b), (c).

## IV. OTHER PENDING MOTIONS

Journey filed a motion to join as Defendants the following individuals: Amanda Holmgreen, Agnes Stairs, Dr. Brad Bigelow, and Cheryl Heimann. (Filing 7.) The court will grant Journey's motion and direct the clerk of the court to update the caption accordingly.

Journey's motions to amend the Complaint (filings 13 & 15) are granted to the extent that the court considered the pleadings as supplemental to the Complaint. *See* NECivR 15.1(b).

Journey has also filed a motion for subpoena (filing 9), a motion for summons (filing 14), and a motion for hearing (filing 17). However, no discovery or further proceedings will take place in this case until Journey files an amended complaint in accordance with this Memorandum and Order. If Journey files an amended complaint, the court will review it to determine whether summary dismissal is appropriate.  *See* 28 U.S.C. § 1915(e)(2). This matter may not proceed to service of process unless so ordered by the court after conducting this review. Accordingly, Journey's motions for subpoena, summons, and a hearing are denied.

Finally, Journey has filed a motion seeking the appointment of counsel. (Filing 11.) Journey asserts that he is entitled to court-appointed counsel "under the Nebraska S[OCA] Laws of Neb. Rev. Statute [§§] 71-1201 to 71-1226." (*Id*.) However, those Nebraska state laws do not apply to this federal § 1983 action. Instead, federal district courts cannot routinely appoint counsel in civil cases. In *Davis v. Scott*, 94 F.3d 444, 447 (8th Cir. 1996), the Eighth Circuit Court of Appeals explained that "[i]ndigent civil litigants do not have a constitutional or statutory right to appointed counsel." Trial courts have "broad discretion to decide whether both the plaintiff and the court will benefit from the appointment of counsel, taking into account the factual and legal complexity of the case, the presence or absence of conflicting testimony, and the plaintiff's ability to investigate the facts and present his claim." *Id*. Having considered these factors, the request for the appointment of counsel will be denied without prejudice to reassertion.

## V. CONCLUSION

Journey's Complaint fails to set forth a short, plain statement of his claims showing that he is entitled to relief. Journey is given leave to file an amended

7

complaint that sufficiently describes his claims against all the Defendants he wishes to proceed against. Journey may not represent any other NRC patients in this matter, and any potential plaintiffs wishing to join in this action must sign any proposed amended complaint and separately move for leave to proceed in forma pauperis. Journey should not include any claims for relief seeking release from the NRC as such claims must be brought in a separate habeas corpus petition under 28 U.S.C. § 2254.

IT IS THEREFORE ORDERED that:

1.      Journey shall have until **September 28, 2020**, to file an amended complaint in accordance with this Memorandum and Order. Failure to file an amended complaint within the time specified by the court will result in the court dismissing this case without further notice to Journey. *Journey should be mindful to explain in his amended complaint what each defendant did to him, when the defendant did it, and how the defendant's actions harmed him*. Journey is encouraged to use the enclosed court-approved form to draft his amended complaint.

2.      If Journey decides to file an amended complaint, he must include all of the claims he wishes to pursue against all of the defendants he wishes to proceed against in the amended complaint. Failure to consolidate all claims into one document may result in the abandonment of claims. **Journey is warned that an amended complaint will supersede, not supplement, his Complaint.**

3.      The court reserves the right to conduct further review of Journey's claims pursuant to 28 U.S.C. § 1915(e) in the event he files an amended complaint.

4.      Journey's motion to join defendants (filing 7) and motions to amend the Complaint (filings 13 & 15) are granted in accordance with this Memorandum and Order.

8

5.      Journey's remaining pending motions (filings 8, 9, 11, 14, & 17) are denied for the reasons stated in this Memorandum and Order.

6.      The motion for leave to proceed in forma pauperis (filing 12) submitted by Dale L. Grant is denied without prejudice to reassertion.

7.      The clerk of the court is directed to set a pro se case management deadline using the following text: **September 28, 2020**: check for amended complaint.

8.      The clerk's office is directed to update the case caption to add the following Defendants: Amanda Holmgreen, Agnes Stairs, Dr. Brad Bigelow, and Cheryl Heimann.

9.      The clerk's office is further directed to send:

      a.      a form civil complaint and a Form AO 241 Petition Under 28 U.S.C. § 2254 for a Writ of Habeas Corpus to Plaintiff Ricky G. Journey.

      b.      a copy of this Memorandum and Order to Dale L. Grant at the address provided in Filing 12.

Dated this 28th day of August, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge