IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| RICKY G. JOURNEY,<br><br>                    Plaintiff,<br><br>          vs.<br><br>NORFOLK REGIONAL CENTER, LRC, HHS, NEBRASKA MENTAL HEALTH, TOM BARR, LANE, Dr.; STEPHEN ONEIL, JULIE REDWING, DR. SHANNON BEAVERS-BLACK, Dr.; ROY, Dr.; DONOVANE, Doctor; LAINE, Dr.; AMANDA HOLMGREEN, AGNES STAIRS, BRAD BIGELOW, Dr.; and CHERYL HEIMANN,<br><br>                    Defendants. | **8:19CV434**<br><br>**MEMORANDUM AND ORDER** |

This matter is before the court on Plaintiff Ricky G. Journey's motions for amended complaint and counsel. (Filings 22 & 23.) On October 13, 2020, the court dismissed this matter without prejudice because Journey failed to file an amended complaint within 30 days of being ordered to do so. (Filings 20 & 21.) Journey now asks, as best the court can tell, for leave to file an amended complaint and for the appointment of counsel in order to challenge his "transitioning to LRC" "where it is not the least rehabilitation for his treatment" and to seek release because his new evaluation shows he meets the criteria. (Filing 23 at CM/ECF p. 1.)

Journey represents that he has a hearing before the Mental Health Board and counsel handling his pending state matter in Case No. CI19-237. (*Id.*) A search of Nebraska state court records, available to this court online,[1] shows that Journey has

---

[1] Nebraska's judicial records may be retrieved on-line through the JUSTICE site, https://www.nebraska.gov/justice/case.cgi.

a pending action for a writ of habeas corpus in the District Court of Buffalo County, Nebraska. An evidentiary hearing is scheduled for November 16, 2020. The court takes judicial notice of the state court records. *See Stutzka v. McCarville*, 420 F.3d 757, 761 n.2 (8th Cir. 2005) (court may take judicial notice of public records).

Upon consideration, the court will deny Journey's motions to amend his complaint and for the appointment of counsel. First, as the court explained in its Memorandum and Order on initial review of Journey's Complaint, Journey cannot seek release from his confinement in this civil action under 42 U.S.C. § 1983, but rather must seek such relief through a habeas corpus petition.[2] (*See* Filing 18 at CM/ECF pp. 5–6.) Second, even if Journey's claims for relief were not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994), the court would abstain from exercising jurisdiction under the *Younger* doctrine in light of Journey's pending state habeas action. *See Younger v. Harris*, 401 U.S. 37, 43–45 (1971) (Under *Younger*, abstention is mandatory where: (1) there is an ongoing state proceeding; (2) an important state interest is implicated; and (3) the plaintiff has an avenue open for review of constitutional claims in the state court.); *Aaron v. Target Corp.*, 357 F.3d 768, 774 (8th Cir. 2004) ("Under *Younger v. Harris*,[] federal courts should abstain from exercising jurisdiction in cases where equitable relief would interfere with pending state proceedings in a way that offends principles of comity and federalism.").

IT IS THEREFORE ORDERED that: Plaintiff Ricky G. Journey's motions for amended complaint and for counsel (filings 22 & 23) are denied.

---

[2]     The court notes that Journey filed a habeas petition under 28 U.S.C. § 2254 in this court on October 19, 2020, which is pending initial review. *See Journey v. State of Nebraska*, 8:20CV435 (D. Neb.).

2

Dated this 2nd day of November, 2020.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge